Boyd v. The Chicago & Alton Railroad Company,
*Appellant.*

**Attorney-at-Law :** AUTHORITY TO ACT AS SUCH FOR ANOTHER. The evidence in this case held sufficient to show that plaintiff had competent authority to act as defendant's attorney-at-law in a cause, and to authorize a verdict for his services therein.

Boyd v. The Chicago & Alton Railroad Company.

*Appeal from Saline Circuit Court.*—Hon. John P. Strother, Judge.

Affirmed.

*Macfarlane & Trimble* for appellant.

(1)  Before and at the time of his acceptance of the appointment as defendant's local attorney, plaintiff knew of defendant's rules governing the same, and the evidence shows no exception was made in plaintiff's case. (2)  There is no evidence that plaintiff's objections to a conditional appointment were ever communicated to the defendant.  If Shackelford could be in any sense called an agent of defendant, still it is clear that he was not agent for appointing attorneys, nor for receiving applications for appointment.  Notice to an agent is only notice to principal when the agent is acting within the scope of his authority.  *Roach v. Karr,* 18 Kan. 529 ; *Adams Ex. Co. v. Trego,* 35 Md. 47 ; *Congar v. Railroad,* 24 Wis. 157 ; *Wells v. Am. Ex. Co.,* 44 Wis. 342.  (3)  The plaintiff made Shackelford his agent for the purpose of securing the appointment.  (4)  The first instruction given for plaintiff was erroneous, and those refused to defendant should have been given.

*Smith & Krauthoff* and *Draffen & Williams* for respondent.

(1)  The testimony of the plaintiff, under the instructions, fully justified the verdict, and the instructions were authorized by the evidence.  (2)  Upon general principles of public policy it must be presumed that Shackelford communicated to the general solicitor the fact that plaintiff would not accept said appointment on the conditions which Shackelford had stated to him, and that said appointment was made without such conditions and restrictions.  The neglect of Shackelford to notify

the general solicitor of this fact cannot be permitted to operate to the injury of plaintiff. Story on Agency, sec. 140 ; *Hayward, assignee, v. Nat. Ins. Co.*, 52 Mo. 181. (3) The instructions asked by defendant and refused, were properly refused.

EWING, C.—This was a suit against the defendant to recover a fee of two hundred and fifty dollars. Petition alleged that plaintiff was defendant's local attorney for Saline county employed to attend to its business there. That a suit was commenced in the Saline circuit court by Reed & Taylor against the defendant for $50,000, and that plaintiff appeared therein for the defendant. It is for such service that this suit was commenced. The answer was a general denial.

The evidence on the part of the plaintiff tended to prove the allegations of his petition. The whole contest turns upon the authority of the plaintiff to act for the defendant. The evidence tends to show that the general rule was to the effect that local attorneys were appointed by the general solicitor, Beckwith, who made such appointments upon the condition that the defendant had the right in any case, to put some other attorney in charge of it, other than the local attorney, and that local attorneys only had charge of such cases as were specially intrusted to their care and attention. That this custom was made known to the plaintiff before his appointment, by Judge Shackleford, the defendant's local attorney for Howard county. The plaintiff thought the conditions unfair, and notified Judge Shackleford that he would not act as attorney for defendant in Saline county under such conditions. That after this conversation with Judge Shackleford, he (plaintiff) asked him (Shackleford) to recommend plaintiff for appointment as local attorney for Saline county. That afterwards, Shackleford wrote to the general solicitor, Judge Beckwith, recommending Boyd as local attorney for Saline county, but did not notify him that Boyd refused to act under the general rule above

stated.    That a few days thereafter Boyd received a let-
ter and pass from Beckwith, the letter being "compli-
ments of Beckwith," and the pass, "The Chicago & Alton
Railroad will pass Samuel Boyd, local attorney, over all
divisions, until December 31, 1879," signed by the general
manager.    About the day the pass was sent Boyd, Beck-
with wrote to Shackleford saying he appointed Boyd,
and set out the conditions, as above, in his letter.    That
this letter was never sent to Boyd, and he knew nothing
of its contents.    Thereafter Boyd acted as local attorney
in various cases and charged his fees, which were all paid
except the one sued for.    That Boyd took charge of the
Reed & Taylor case and performed some service therein,
and then Beckwith appointed some one else to manage
it, which was done, and Boyd had nothing more to do
with it.    On this evidence, and certain instructions given
by the court, the jury found for the plaintiff, from which
the defendant appealed to this court.

There seems to have been a combination of circum-
stances which resulted in the appointment of the plaintiff,
from which he inferred he was acting as the local attor-
ney of the defendant, in all legal business in Saline
county.    After this conversation with Shackleford to the
effect that he would not accept the position under the
proposed conditions, he received the letter from the gen-
eral solicitor of defendant, with a pass over defendant's
line, on account of his being local attorney.    While
Beckwith knew nothing of Boyd's determination not to
accept appointment with conditions, yet Boyd knew
nothing of the letters from Judge Beckwith to Judge
Shackleford.    Under this state of facts plaintiff continued
to act for the defendant in Saline county ; presented his
account for fees which were paid without objection, and
there was nothing more natural than that he should take
charge of the case of Reed & Taylor against the defendant,
which he did until superseded by the attorney in whose
hands that case was placed for attention, and which
action was not questioned by Boyd.    In point of fact, as

far as the defendant was concerned, it was a conditional appointment, but without notice to the plaintiff; and yet under the circumstances surrounding, and in consideration of the subsequent action of both parties, the one performing service and the other paying therefor without objection, there were sufficient grounds to justify Boyd in the conclusion that he had been appointed and was acting as local attorney without conditions, and sufficient, as we think, also, to bind the defendant. It will not be seriously contended that, under all the circumstances in the case, after Boyd had, in the absence of other counsel, taken charge of a case in defence of the defendant, and had performed service therein, the company could say he was not employed in the case, and refuse compensation for the service.

We do not think the court erred in the admission of evidence, or in the giving and refusing instructions. The instruction fairly presented the law under the facts, and the defendant has no right to complain. We deem it unnecessary to further refer to instructions.

The judgment of the circuit court is affirmed. All concur.